Argued November 21, 1929; affirmed January 21, 1930

LLOYD E. HAWN *v.* W. J. JONES & SON ET AL.

(284 Pac. 194)

For appellants there was a brief and oral argument by *Mr. E. L. McDougal.*

For respondents there was a brief over the name of *Messrs. Beckman & McMenamin* with an oral argument by *Mr. John J. Beckman.*

ROSSMAN, J. 1927 Session Laws, chapter 217, section 2, subparagraph 7, subdivision c (p. 265), provides:

"The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway, and shall come to a full stop before entering such public highway."

■ This provision of our state motor vehicle act satisfies us that the court's instruction, which practically told the jury that at the time of the collision the tractor was entitled to the right of way over the motorcycle, was erroneous and that the court was justified in so concluding upon the motion for a new trial.

■■ The appellants contend, however, that the verdict was correct upon the merits and that hence the judgment of the circuit court upon the verdict should be sustained. We have carefully reviewed the evidence, a synopsis of the material portions of which precede this decision, and are of the opinion that it presented a question of fact for the jury to determine. If the tractor turned sharply into the flow of traffic from

behind a row of parked cars, and without warning proceeded along the wrong side of the street into the direct line of the approaching motorcycle, we believe that a jury would be warranted in finding the defendants guilty of negligence. If, upon the other hand, the plaintiff was looking toward his rear, and collided with the tractor when it was endeavoring to get out of his course after it had vainly sounded warning signals, it is equally obvious that a jury would be authorized to find the plaintiff guilty of negligence. Since neither set of facts is admitted by both parties, we will not usurp the functions of a jury by making a finding. It follows that the circuit court did not err in setting aside the verdict and directing a new trial.

AFFIRMED.

COSHOW, C. J., MCBRIDE and RAND, JJ., concur.